UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

DESMOND CAMPBELL,

Petitioner,

— against —

UNITED STATES OF AMERICA,

Respondent.

09-cr-119 (ARR)
18-cv-5824 (ARR)

**Not for print or electronic publication**

**Opinion & Order**

ROSS, United States District Judge:

On January 29, 2019, I entered an order denying Desmond Campbell's motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. *See* Op. & Order, Jan. 29, 2019, ECF No. 620. Almost one year later, Campbell filed a *pro se* motion for relief from that order pursuant to Federal Rule of Civil Procedure 60(b). *See* Mot. to Vacate J., ECF No. 623. On January 29, 2020, I denied Campbell's Rule 60(b) motion. *See* Op. & Order, Jan. 29, 2020, ECF No. 624 ("Jan. 2020 O&O"). Campbell, again proceeding *pro se*, now moves for reconsideration of my denial of his Rule 60(b) motion. *See* Mot. for Recons., ECF No. 625.

Campbell does not specify under which Federal Rule of Civil Procedure he brings the instant motion. Because he filed the instant motion more than twenty-eight days after my denial of his Rule 60(b) motion, I cannot consider the instant motion under Rule 59(e). *See* Fed. R. Civ. P. 59(e); Mot. for Recons. 4 (dating instant motion as signed, and likely mailed, on March 10, 2020). Thus, I consider it under Rule 60(b). *See* Fed. R. Civ. P. 60(b).

Rule 60(b) sets forth grounds for "reliev[ing] a party . . . from a final judgment, order, or proceeding[.]" Fed. R. Civ. P. 60(b). I should grant such relief "only in extraordinary

circumstances." *Aczel v. Labonia*, 584 F.3d 52, 61 (2d Cir. 2009) (citing *Liljeberg v. Health Servs. Acquisition Corp.*, 486 U.S. 847, 863 (1988)). Campbell asks that I relieve him from my order denying his Rule 60(b) motion, citing as grounds for relief that I "misconstrued a critical aspect of law" and that I am "in a position to prevent a manifest injustice[.]" Mot. for Recons. 1–2. Campbell then revisits the same arguments that he raised in his Rule 60(b) motion—namely, that (1) he was not competent to plead guilty or undergo criminal prosecution; (2) his counsel was ineffective for failing to adequately address his lack of competence; and (3) he received deficient assistance from a "jailhouse lawyer." *See* Jan. 2020 O&O at 4–6; Mot. for Recons. 2–3. Campbell has presented no compelling reason for me to grant him relief from my decision on his Rule 60(b) motion.

Thus, the instant motion is denied. I reiterate that because of the statutory restrictions on second or successive § 2255 petitions, *see* 28 U.S.C. § 2255(h), I cannot provide Campbell with any further consideration of his claims. For such further consideration, Campbell must make an application to the Second Circuit Court of Appeals.

SO ORDERED.

Dated: March 23, 2020                    ___/s/_____
       Brooklyn, NY                              Allyne R. Ross
                                                                  United States District Judge